IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHAINE Y. CHATMAN,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>HANCOCK COUNTY SCHOOL  )<br>DISTRICT, ANNIE INGRAM, DENISE  )<br>RANSOM, PAMELA LAWRENCE-  )<br>INGRAM, ANTHONY GILCHRIST,  )<br>AZALEE WILLIAMS-ASKEW,  )<br>GWENDOLYN JEFFERSON REEVES,  )<br>)<br>DefendantS.  )<br>) | CIVIL ACTION NO. 5:13-CV-375 (MTT) |

## ORDER

Before the Court is the Plaintiff's motion to remand.  (Doc. 5).  The Plaintiff filed this lawsuit in the Superior Court of Hancock County.  (Doc. 1-1; Doc. 1-2; Doc. 1-5).  On October 1, 2013, the Defendants timely removed the case to this Court.  (Doc. 1).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the…defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The district courts have original jurisdiction of all civil actions arising under federal laws or the federal constitution.  28 U.S.C. § 1331. Additionally, if a federal district court has original jurisdiction over a claim it can typically exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

Among the Plaintiff's claims are alleged violations of Title VI and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 2000e *et seq.*, as well as her due process rights under the United States Constitution.  Thus, there is a clear basis for this Court to exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Moreover, as best the Court can determine from the Plaintiff's pleadings, her state law claims are part of the same case or controversy as her federal claims.  That permits the Court to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).  The Plaintiff argues the case should not have been removed because she filed it in state court and the state courts also have original jurisdiction over her claims.  Perhaps this is true.  But because she chose to sue the Defendants for violating federal law, the Defendants have the right to a federal forum, and they have exercised that right.  The Plaintiff's motion is without merit.

Accordingly, the Plaintiff's motion to remand is **DENIED**.

**SO ORDERED,** this 15th day of October, 2013.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT