IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHAINE Y. CHATMAN,        )<br>                                                      )<br>    **Plaintiff,**                           )<br>                                                      )<br>    v.                                              )<br>                                                      )<br>HANCOCK COUNTY SCHOOL      )<br>DISTRICT, ANNIE INGRAM, DENISE )<br>RANSOM, PAMELA LAWRENCE-   )<br>INGRAM, ANTHONY GILCHRIST,    )<br>AZALEE WILLIAMS-ASKEW,          )<br>GWENDOLYN JEFFERSON REEVES, )<br>                                                      )<br>    **Defendants.**                       )<br>                                                      ) | CIVIL ACTION NO. 5:13-CV-375 (MTT) |

## ORDER

Before the Court are the Plaintiff's motions to remand (Doc. 14; Doc. 16). For the following reasons, the motions are **GRANTED** and this case is **REMANDED** to the Superior Court of Hancock County.

On September 3, 2013, the Plaintiff, proceeding pro se, filed suit in the Superior Court of Hancock County against her former employer, the Hancock County School District. (Doc. 1-1). She amended her complaint twice in that court to add claims and defendants. (Doc. 1-2; Doc. 1-5). The Defendant school district, and, by special appearance, the individually named Defendants,[1] removed the case to this Court on October 1 because some of the Plaintiff's claims arose under federal law. (Doc. 1). The Defendants then filed a motion to dismiss the Plaintiff's second amended complaint (Doc. 4), and the Plaintiff moved to remand (Doc. 5) shortly thereafter. The Court denied the Plaintiff's motion to remand because of the federal claims in her second

---
[1] The individual Defendants were not served. (Doc. 1, ¶ 4).

amended complaint. (Doc. 6). The Plaintiff then filed a third amended complaint in which she removed the references to federal law. (Doc. 10).

The Defendants did not contest the Plaintiff's right to amend her complaint for a third time. Rather, they filed a new motion to dismiss for failure to state a claim. (Doc. 12). Similarly, the Plaintiff filed new motions to remand, arguing that because she no longer sought relief pursuant to federal law, this case should be returned to the state courts for adjudication of her state law claims. (Doc. 14; Doc. 16). The Court agrees with the Plaintiff. Economy, convenience, fairness, and comity are best served by remand. Because no basis for original federal jurisdiction presently exists, the Court has the discretion to decline to exercise supplemental jurisdiction over the Plaintiff's related state law claims. *See* 28 U.S.C. § 1367(c). *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1987) (holding that if an amended complaint drops all federal claims, the district court has the discretion to remand the case rather than exercise jurisdiction over only the state law claims).

The Defendants contend the Plaintiff's third amended complaint still contains factual allegations that give rise to federal claims even though they may not be labeled as such. Indeed, the pleading is not artfully drafted in that regard. But the Plaintiff is not a trained attorney either, and her pro se status confers some leeway upon her. Moreover, it is clear the Plaintiff intended to abandon any interpretation of her complaint that suggests she is raising a federal question. She expressly states she has "dropped the federal claims," "is no longer interested in the [f]ederal [c]laims filed in the original and subsequent complaints," and "would have move[d] to amend her complaint and drop all federal claims" regardless of the forum. (Doc. 16, ¶ 6). The Court also

-3-

understands the Defendants' concern that after remand the Plaintiff could attempt to amend her complaint again to re-allege federal claims, necessitating removal for a second time. But at this point that eventuality is speculative, and if it occurs, this Court is well prepared to deal with the Plaintiff in an appropriate manner.

Consequently, the Plaintiff's motions to remand are **GRANTED**. This case is **REMANDED** to the Superior Court of Hancock County.

**SO ORDERED,** this 10thday of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
