IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHAINE Y. CHATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-149 (MTT) |
| ) | |
| HANCOCK COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is the Plaintiff's "petition for em[e]rgency injunctive relief, and temporary restraining order pursuant to 28 U.S. Code 1651 and 28 U.S. Code 2283." (Doc. 1). The Plaintiff previously filed suit in the Superior Court of Hancock County against her former employer, the Hancock County School District, and twice amended her complaint to add other claims and defendants. The case was removed to this Court on the basis that some of the Plaintiff's claims arose under federal law. After the Plaintiff amended her complaint for a third time to remove all federal claims, the Court granted her motion to remand the case on January 10, 2014. *Chatman v. Hancock Cnty. Sch. Dist., et al.*, 5:13-CV-375 (MTT), Doc. 22. The Plaintiff objects to a Rule Nisi issued by the superior court after remand (Doc. 1-4) and seeks either a writ of prohibition pursuant to 28 U.S.C. § 1651 or an injunction to prevent the scheduled hearing on the Defendants' motion to dismiss.

The Plaintiff fundamentally misunderstands the nature of remand. As to enjoining the ongoing superior court proceeding, "A court of the United States *may not*

grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added).  The Plaintiff has pointed to no exception that would permit this Court to enjoin the superior court proceeding.  By remanding the case, this Court declined to continue exercising jurisdiction.  Nor is an injunction necessary to effectuate the remand order; its sole purpose was to send the case back to the superior court.

A writ of prohibition is likewise not an appropriate remedy.  The All Writs Act "empowers a federal court-*in a case in which it is already exercising subject matter jurisdiction*-to enter such orders as are necessary to aid it in the exercise of such jurisdiction."  *In re Hill*, 437 F.3d 1080, 1083 (11th Cir. 2006) (emphasis added).  *See also* 28 U.S.C. § 1651.  As noted above, the Court declined to exercise jurisdiction over the Plaintiff's state law claims.  Further, it would be improper for this Court to issue a writ of prohibition to the Superior Court of Hancock County, which is not a subordinate court.  *See Siler v. Storey*, 587 F. Supp. 986, 987 (N.D. Tex. 1984).

For the foregoing reasons, the Plaintiff's petition is **DISMISSED**.

**SO ORDERED**, this 21st day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT